IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| GREGORY LEEB, individually and on behalf of the class defined below, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | |
| MEDICREDIT INC. ) ) | |
| Defendant. ) | JURY DEMAND |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiff brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of Medicredit Inc. (hereinafter referred to as ("Medicredit") in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone without his prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA"). The TCPA prohibits unsolicited voice calls to cellular telephones without prior express consent within the meaning of the TCPA. Plaintiff also brings an individual claim for violation of Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

2. "Consumer complaints about abuses of telephone technology – for example, computerized calls to private homes – prompted Congress to pass the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 *et seq*. Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls." *Mims v. Arrow Financial Services, LLC*, Slip Opinion, Case No. 10-1195 (United States Supreme Court January 18, 2012) (internal citations omitted).

3. In an effort to enforce this fundamental federal right to privacy, Plaintiff files the instant class action complaint alleging violations of the TCPA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §1331 (general federal question), §1337 and 47 U.S.C. §227 (TCPA). Venue in this District is proper because defendant transacts business here, plaintiff resides here and received the call here.

## PARTIES

5. Plaintiff Gregory Leeb (Leeb) is, and at all times mentioned herein was, an individual citizen of the State of Illinois, who resides in the district.

6. Defendant Medicredit Inc, is a Missouri corporation that has registered with the Illinois Department of Financial & Professional Regulation as a collection agency.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

7. As noted above, in 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

9. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater

nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

10. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

## FACTS RELATING TO PLAINTIFF

11. At all times relevant, plaintiff Leeb is and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

12. In April 2012, Leeb received a collection call from defendant regarding a purported medical debt owed to the University of Pittsburgh Medical Center.

13. At the time Mr. Leeb received services from the University of Pittsburgh Medical Center, he did not have his current cellular telephone number.

14. "During the transaction that resulted in the debt owed," Leeb did not provide his wireless number to defendant or the original creditor. He also did not otherwise provide express consent to receive calls by defendant on Leeb's cellular telephone.

15. Medicredit is, and at all times mentioned herein was, a corporation and a "person", as defined by 47 U.S.C. § 153(10).

16. Notwithstanding the fact Leeb did not provide the underlying creditor or Medicredit with his cellular number, Medicredit contacted Leeb on Leeb's cellular telephone.

3

17. On information and belief, all telephone contact by Medicredit to plaintiff on his cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this complaint occurred within four years of the filing of this complaint.

18. The telephone number that Medicredit used to contact plaintiff with an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

19. The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the defendant to demonstrate that Leeb provided express consent within the meaning of the statute, because it is the best entity to determine how numbers were attained.

## COUNT I - TCPA (CELLULAR CALLS)

21. Plaintiff incorporates the above factual allegations herein.

22. Medicredit made unsolicited commercial phone calls to the wireless telephone number of plaintiff and the other members of the class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

23. These phone calls were made without the prior express consent of plaintiff or the class.

24. Medicredit has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using

any automatic telephone dialing system or an artificial or prerecorded voice . . ." As a result of defendant's illegal conduct, the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

25. Because Medicredit's misconduct was willful and knowing, the Court should pursuant to section 227(b)(3)(c), treble the amount of statutory damages recoverable by the plaintiffs and the class.

26. Plaintiffs and class members are also entitled to and do seek injunctive relief prohibiting defendant's violation of the TCPA in the future.

## CLASS ALLEGATIONS

27. Plaintiffs bring this claim on behalf of (1) all persons within the United States (2) who, on or after four years from the filing of this action and on or before twenty days from the filing of this action (3) received a non-emergency telephone call from Defendant to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and (4) where defendant's records do not show that the person provided the number to the defendant or the original creditor (for example, where the number was obtained through skip tracing or captured by the defendant's equipment from an inbound call).

28. Plaintiff represents, and is a member of the Class. Excluded from the Classes are Defendant and any entities in which Defendants have a controlling interest, Defendants' agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

29. Plaintiff does not know the exact number of members in the Class, but based upon the size of Medicredit, plaintiff reasonably believes that class members number at minimum

in the thousands.

30. Defendant has caused actual injury and actual harm to Plaintiff and all members of the class, not only because consumers were subjected to the aggravation that necessarily accompanies these calls, but also because consumers frequently have to pay their cell phone service providers for the receipt of such calls and such calls are an intrusion upon seclusion, diminish cellular battery life, and waste data storage capacity.

31. This Class Action Complaint seeks money damages and injunctive relief.

32. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits. The class can be identified easily through records maintained by Medicredit.

33. There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to, the following:

    a. Whether Medicredit engaged in a pattern of using automated equipment to place calls to cellular telephones;

    b. The manner in which Medicredit obtained the cell phone numbers;

    c. Whether Medicredit thereby violated the TCPA;

34. As a person who received calls using an automatic telephone dialing system or an artificial or prerecorded voice, without his prior express consent within the meaning of the TCPA, plaintiff asserts claims that are typical of each class member. Plaintiff will fairly and adequately represent and protect the interests of the class, and has no interests which are antagonistic to any member of the class.

35. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the TCPA.

36. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel defendant to comply with the TCPA. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

37. Defendant has acted on grounds generally applicable to the class, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a whole appropriate. Moreover, on information and belief, plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendant for:

A. Statutory damages pursuant to 47 U.S.C. § 227(b)(1);

B. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

C. An award of attorneys' fees and costs to counsel for Plaintiffs and the Class;

D. Such other relief as the Court deems just and proper.

## COUNT II - FDCPA

38. Plaintiff incorporates the above factual allegations herein.

39. Defendant's practice of placing calls to plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of plaintiff's prior express consent was harassing and annoying. Because plaintiff kept his cellular telephone on or around his person everyday, he was unable to avoid defendant's calls.

40. Defendant violated the FDCPA, 15 U.S.C. § 1692d, by attempting to harass and annoy plaintiff by the calls to his cellular telephone.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant for:

    a. Statutory damages;
    b. Attorney's fees, litigation expenses and costs of suit;
    c. Such other or further relief as the Court deems appropriate.

Respectfully submitted,
Gregory Leeb, Plaintiff

/s/ Keith J. Keogh
Attorney for Plaintiff

Keith J. Keogh
Craig Shapiro
Timothy Sostrin
Keogh Law, Ltd.
101 North Wacker Drive, Suite 605
Chicago, Illinois 60606
312.726.1092 (office)
312.726.1093 (fax)
Keith@KeoghLaw.com

**JURY DEMAND**

Plaintiff demands trial by jury.

/s/ Keith J. Keogh

Case: 1:12-cv-04471 Document #: 1 Filed: 06/08/12 Page 9 of 9 PageID #:9

9